# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2011

Lyle W. Cayce
Clerk

No. 10-50391
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONRADO ARRELLANO-DEPAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-62-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Conrado Arrellano-Depaz appeals the sentence imposed following his guilty-plea conviction for illegal reentry of a previously deported alien, arguing that his sentence is unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he contends that U.S.S.G. § 2L1.2 is not empirically based and that his sentence is greater than necessary because a prior conviction was used to both increase his offense level and to calculate his criminal history score. He also argues that the sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50391

unreasonable because his crime was not a crime of violence and because he reentered this country to work to support his children.

Because Arrellano-Depaz did not raise his empirical data or double-counting arguments in the district court, they are reviewed for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). His empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6).

Arrellano-Depaz's disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Arrellano-Depaz has not shown that his sentence is unreasonable, and he has not shown that the presumption of reasonableness should not be applied to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.